1
2
3
4
5
6

CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

7

Attorneys for Plaintiffs

8
9
10
11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

12

**Chris Langer**,

Case No. **'14CV2230 WQHNLS**

13

Plaintiff,

14

v.

15

**Standard Trading and Investment International Inc.,** a California Corporation;
**Kimberly R. Williams**; and Does 1-10,

16
17
18

Defendants.

**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act; Negligence

19
20

Plaintiff Chris Langer complains of Defendants Standard Trading and

21

Investment International Inc., a California Corporation; Kimberly R.

22

Williams; and Does 1-10 ("Defendants") and alleges as follows:

23
24

**PARTIES:**

25

1.  Plaintiff is a California resident with physical disabilities. He is a

26

paraplegic who cannot walk and who uses a wheelchair for mobility. He has

27

a specially equipped van with a ramp that deploys out of the passenger side

28

of his van and he has a Disabled Person Parking Placard issued to him by the

1

State of California.

2.  Defendants are, or were at the time of the incidents, the real property owners, business operators, lessors and/or lessees for the Kim's Bar-B-Que Restaurant ("Restaurant") located at or about 4227 Market Street, San Diego, California.

3.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5.  Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

6.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this

Complaint

district.

**FACTUAL ALLEGATIONS:**

7.   The Plaintiff went to the Restaurant in July of 2014, to eat.

8.   The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

9.   Parking spaces are one of the facilities, privileges and advantages offered by defendants to their customers at the Restaurant.

10. Unfortunately, although parking spaces are one of the facilities available to patrons of the Restaurant, there is not a single van-accessible handicap parking space available for disabled persons. Instead, there is a parking space reserved for disabled persons but the parking space is only suitable for smaller vehicles – and not vans. Additionally, the access aisle is not compliant for smaller cars, either. It is just 57 inches in width, which is below that allowed by law.

11. On information and belief, plaintiff alleges that a fully compliant van-accessible parking space once existed at this location but it has been allowed to fade away to the point that it is no longer available for use by disabled persons or it has been paved over.

12. Defendants have no policy or procedure in place to make sure that the accessible parking spaces remain useable in the parking lot. As such, the van-accessible parking space reserved for disabled persons is no longer available for disabled customers.

13. Because there was no accessible parking on the day of plaintiff's visit, plaintiff left without eating at the Restaurant. Plaintiff ended up eating at a Burger King restaurant located about a mile away.

14. The plaintiff personally encountered this problem. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty

Complaint

1   and frustration.

2       15. Plaintiff would like to return and patronize the Restaurant but will be

3   deterred from visiting until the defendants cure the violation. Plaintiff lives

4   in the county and visits this area of San Diego often. This Restaurant is

5   conveniently located. Plaintiff would like to return and eat.

6       16. The defendants have failed to maintain in working and useable

7   condition those features required to provide ready access to persons with

8   disabilities.

9       17. Given the obvious and blatant violations, the plaintiff alleges, on

10  information and belief, that there are other violations and barriers on the site

11  that relate to his disability. Plaintiff will amend the complaint, to provide

12  proper notice regarding the scope of this lawsuit, once he conducts a site

13  inspection. However, please be on notice that the plaintiff seeks to have all

14  barriers related to his disability remedied. See Doran v. 7-11, 506 F.3d 1191

15  (9th Cir. 2007) (holding that once a plaintiff encounters one barrier at a site,

16  he can sue to have all barriers that relate to his disability removed regardless

17  of whether he personally encountered them).

18      18. Additionally, on information and belief, the plaintiff alleges that the

19  failure to remove these barriers was intentional because: (1) these particular

20  barriers are intuitive and obvious; (2) the defendants exercised control and

21  dominion over the conditions at this location and, therefore, the lack of

22  accessible facilities was not an "accident" because had the defendants

23  intended any other configuration, they had the means and ability to make the

24  change.

25

26

27

28

Complaint

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

19. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

20. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by

Complaint

individuals with disabilities. 42 U.S.C. § 12183(a)(2).

21. Any business that provides parking spaces must provide handicap parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those handicap parking spaces but not less than one must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

22. Here, the lack of a van-accessible parking space is a violation of the law.

23. The defendants have no policy or procedure to make sure that its parking spaces remain useable by disabled persons. The parking space reserved for disabled persons who drive vans has faded beyond recognition or has been paved over.

24. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

25. Here, the failure to ensure that the accessible parking was available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

26. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

27. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages.

6

Complaint

(Civ. Code § 51(f), 52(a).)

28. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

## III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of plaintiffs and against all defendants) (Cal Civ.§ 54-54.8)

29. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

30. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Disabled Persons Act and are liable for damages. (Civ. Code § 54.1(d), 54.3(a).)

31. Because the violation of the Disabled Persons Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

## IV. FOURTH CAUSE OF ACTION: NEGLIGENCE (On behalf of plaintiff and against all defendants)

32. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

33. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible

7

Complaint

facilities to the plaintiffs. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiffs are not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3.

Dated: August 11, 2014          CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

8

Complaint